Terry J. Wilhelm, Esq. Informal Opinion Village Attorney No. 98-2 Village of Catskill 370 Main Street Catskill, N Y 12414
Dear Mr. Wilhelm:
You have asked who is entitled to vote upon a proposition to dissolve the village that will be submitted at the next regular village election. You note that the village charter establishes qualifications for voting upon proposals for dissolution. Those qualifications include, among other things, ownership "of real or personal property in the Village assessed upon the last preceding assessment roll thereof". You also note that the Village Law provides that a proposal to dissolve the village shall be effective if "approved by a majority of the qualified electors voting thereon". Village Law § 19-1900(3). You have asked whether the property ownership requirement established in the village charter may be applied to the proposal to dissolve the village.
We conclude that the charter provision that makes property ownership a qualification for voting upon the dissolution is not consistent with constitutional requirements. Generally, State and federal equal protection guarantees require adherence to the one-person, one-vote principle. Narrow exceptions to this principle have been recognized but they are limited to circumstances not present here.
The Court of Appeals examined the constitutionality of a statute restricting the right to vote in a special election concerning water districts to individuals who owned real property in the districts inMatter of Esler v. Waters, 56 N.Y.2d 306 (1982). The Court noted that the equal protection guarantees apply to the right to vote and place a heavy burden on the State to justify any departure from the "one-person, one-vote" principle. The Court went on to analyze United States Supreme Court precedents that created a narrow exception to this principle and upheld certain statutes limiting the right to vote to a specific group.
Among the precedents examined was Salyer Land Company v. Tulare WaterDistrict, 410 U.S. 719 (1973). There, the United States Supreme Court held that a statute limiting the right to vote to a specific group would be sustained when the election related to a government body that performs a special limited function that has a disproportionate effect on a definable segment of the community, unless the basis for the limitation was wholly irrelevant to achievement of the regulation's objectives. In that case, the statute provided that only landowners within a special water district could vote for directors of the district and provided that the voting be weighted according to the assessed valuation of the voter's land. The Supreme Court noted that the district performed no general government functions, served almost solely to store water, and affected landowners disproportionately. Landowners alone financed the district's activities.
Similarly in Ball v. James, 451 U.S. 355 (1981), the Supreme Court again upheld a statute that limited voting eligibility in a directors' election to landowners within a special water district. The Court concluded that the "peculiarly narrow function of this local governmental body and the special relationship of one class of citizens to that body releases it from the strict demands of the one-person, one-vote principle".451 U.S. at 357.
In Esler, the Court of Appeals acknowledged that the costs of the water district operation would not be assessed against all residents, but only against landowners. It also recognized that the district served an extremely limited purpose and did not perform general government functions. It concluded that, under the precedents discussed above, limiting the franchise to property owners did not violate the equal protection guarantees of the federal Constitution. The Court went on to hold that the statute also did not violate the equal protection or voters' rights provisions of the State Constitution. See also, Op Atty Gen (Inf) No. 91-31, in which we concluded that the requirement of real property ownership to vote in a referendum to establish an improvement district under Article 12-A of the Town Law is consistent with federal and State constitutional requirements.
A proposal to dissolve a village government does not fall within the narrow exception to the one-person, one-vote principle established in the precedents discussed above. Those cases involved government bodies with extremely limited functions that disproportionately impacted a defined group of citizens, like property owners. The village government is not such a body. It performs a wide variety of government functions and its impact does not fall disproportionately upon one defined group of citizens. The provisions of the village charter that require property ownership as a qualification to vote upon the proposal to dissolve the village, therefore, may not be applied.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General